**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 22 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROSA DEL CARMEN GUIDO-ROSALES; et al., <br><br>                    Petitioners, <br><br>   v. <br><br> WILLIAM P. BARR, Attorney General, <br><br>                    Respondent. | No.   17-71350 <br><br> Agency Nos.   A202-006-496 <br>                  A202-006-497 <br>                  A208-685-170 <br>                  A208-685-171 <br>                  A208-685-172 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 17, 2019[**]

Before:    McKEOWN, BYBEE, and OWENS, Circuit Judges.

Rosa del Carmen Guido-Rosales, her common-law husband, and three minor

children, all natives and citizens of El Salvador, petition for review of the Board of

Immigration Appeals' ("BIA") order dismissing their appeal from an immigration

judge's ("IJ") decision denying their applications for asylum, withholding of

---

     [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

removal, and relief under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Substantial evidence supports the agency's conclusion that petitioners failed to establish a nexus to a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."); *Santos-Lemus v. Mukasey*, 542 F.3d 738, 747 (9th Cir. 2008) (evidence supported conclusion that gang victimized petitioner for economic and personal reasons rather than on account of a protected ground), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Thus, their asylum and withholding of removal claims fail.

We lack jurisdiction to consider petitioners' particular social group of family because they failed to raise this claim before the IJ. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

We do not reach petitioners' remaining contentions concerning their

eligibility for asylum and withholding of removal because the BIA did not reach them. *See Andia v. Ashcroft*, 359 F.3d 1181, 1184 (9th Cir. 2004) (per curiam) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency.").

Substantial evidence supports the agency's denial of CAT relief because petitioners failed to show it is more likely than not they would be tortured by or with the consent or acquiescence of the government of El Salvador. *See Garcia-Milian*, 755 F.3d at 1033-35 (concluding that petitioner did not establish the necessary "state action" for CAT relief).

Petitioners' opposed motion for summary grant of the petition for review (Docket Entry No. 25) is denied. *See Karingithi v. Whitaker*, 913 F.3d 1158, 1160-62 (9th Cir. 2019) (initial notice to appear need not include time and date information to vest jurisdiction in the immigration court).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**